IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 7:08-CR-31 (WLS) |
| | : | |
| TERRY LAMAR SANDERS, | : | |
| Defendant. | : | |

# ORDER

Before the Court is the Defendant's Motion to Suppress (Doc. 18). The Court held a hearing on this matter on April 27, 2009. For the following reasons, Defendant's Motion to Suppress (Doc. 18) is **DENIED**.

# FACTS

On January 13, 2008, at approximately 9:00 p.m., Moultrie Police Department Officers Underwood and Hernandez were dispatched to the 500 block of 5th Street, Northwest, Moultrie, Georgia. The officers were dispatched in reference to a possible domestic dispute as a result of an anonymous call. The officers were provided with a description of a male subject wearing red pants, a white shirt and a type of jacket. Defendant was walking alone on 8th Avenue, Northwest, Moultrie, Georgia, when he was approached by Officer Underwood. Defendant was wearing red pants and a white shirt. Defendant was asked to stop and he complied. Officer Hernandez then arrived on the scene. The officers asked Defendant about a domestic dispute. Defendant did not provide any information about a domestic dispute, but stated that he was walking to his girlfriend's home. The officers asked Defendant if he had anything in his pockets. Officer Hernandez patted down the outside of Defendant's pockets. While Officer

Hernandez was patting down Defendant, Officer Underwood asked if he could search the Defendant.  Defendant responded "no, because you are going to do it anyway."  Officer Hernandez placed his hand in Defendant's left pocket and removed a cell phone and a blunt cigar.  Hernandez patted down Defendants right side, placed his hand in Defendant's right pocket, and removed a Kel tech P11 9 mm handgun from Defendant's right pocket.  Defendant was placed under arrest. Defendant was indicted on October 29, 2008 on one count of illegal possession of firearm by convicted felon in violation of 18 U.S.C. §§ 922(a)(1), 924(a)(2).  (Doc. 1).  On January 22, 2009 Defendant pled not guilty to this charge. (Doc. 16).  Defendant filed the pending Motion to Suppress on February 10, 2009, requests suppression of the above-listed item, the firearm, found in Defendant's pocket.  (Doc. 18).

## DISCUSSION

The Fourth Amendment to the United States Constitution protects citizens from unreasonable search and seizure.  The reasonableness of an officer's decision to detain and search an individual subsequent to a brief seizure is governed by the principles set forth in Terry v. Ohio, 392 U.S. 1 (1968).  *See also* Florida v. J.L., 529 U.S. 266 (2000).  Under Terry, police officers may stop citizens and briefly detain them if they have reasonable suspicion that the citizen is involved in criminal activity, even without probable cause.  *See* United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990).  Officers must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id.* at 1370.

Where there is an anonymous tip, there must be sufficient indicia of reliability to serve as a basis for a Terry stop.  *See*  Florida v. J.L., 529 U.S. at 271; *see also* United States v. Woods, 443 F. Supp. 2d 1374 (M.D. Ala. 2006).  In Florida v. J.L., the anonymous information provided

to police lacked sufficient indicia of reliability as the caller only provided a physical description and neither provided predictive information nor revealed how the information was acquired. 529 U.S. at 271. Contrarily, in United States v. Fields, the Eleventh Circuit Court of Appeals found there was sufficient reasonable articulable suspicion where the defendant matched the anonymous caller's description, was found a short distance from the location pinpointed by the anonymous caller, was in a high crime area, and walked away from police officers as they approached. 178 F. App'x 890 (11th Cir. 2006). Pursuant to Terry, officers are allowed to make a protective search to ensure their safety.

Defendant seeks to have the Kel tech P11 9 mm handgun seized by the officers suppressed. Defendant argues that there was no reasonable articulable suspicion to justify the police encounter which occurred on January 13, 2008 and that there were insufficient indicia of reliability in the anonymous call. Second, Defendant argues that even if the encounter in this case was justified as a Terry stop based upon reasonable suspicion, the officers impermissibly exceeded the scope of a Terry Stop. Third, Defendant argues that he posed no threat to the officers' safety, complied with the officer's request to stop, and answered the officers' questions. Fourth, Defendant argues that the officers were not allowed to put their hands in his pockets and pull out items following the pat down. Fifth, Defendant also argues that the officers conducted an illegal search to which Defendant objected, and, therefore, the gun should be suppressed.

The facts are not identical to U.S. v. Fields or Florida v. J.L., but the facts show that the call made to police and relayed to the officers by dispatch coupled with the officer's observations provided the officers with sufficient indicia of reliability for a Terry stop of Defendant. Here, Defendant not only matched a very specific description which included red jeans and a white shirt, but evidence presented at the April 27, 2009 suppression hearing

3

demonstrated that the caller detailed her basis of knowledge.  The caller reported that her child was asked by a woman to call the police, and that the woman was being chased by a man on 5th Street.  Thus, the caller's own observation of a man chasing a woman and the woman's request to the caller's child precipitated the call to police.  Additionally, officers responded within a few minutes and observed Defendant walking in very close proximity to the location provided by dispatch.  Based upon the totality of the circumstances, the officers had reasonable articulable suspicion to stop Defendant.  See Terry v. Ohio, 392 U.S. at 17-22.

     Police officers may also conduct a pat down of the outer garments incident to a Terry stop of an individual.  Terry v. Ohio, 392 U.S. at 27; United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  Further, "a Terry search may continue when an officer feels a concealed object that he reasonably believes may be a weapon."  United States v. Clay, 483 F.3d at 743.  Officer Hernandez testified at the April 27, 2009 hearing that he saw a bulge in Defendant's pockets on his left and right sides.  Officer Hernandez conducted a pat down of Defendant's outer pockets, and testified that he both saw and felt bulges in Defendant's left and right pockets.  Accordingly, the officers were justified, as a reasonably prudent officer in their circumstances would, in conducting both the pat down of Defendant and the contents of his left and right pockets where they both saw and felt bulges.[1]  See id. at 743-44.  Further, that there were two officers and Defendant gave verbal responses to the officer's questions does not vitiate the potential threat to the officer's safety based upon their observation of bulges in Defendant's pockets.  Thus, Defendant's Motion to Suppress (Doc. 18) is **DENIED**.

---

[1] Whether or not Defendant consented to the search of his pockets is inapposite to the Court's decision here, since, based upon the totality of the circumstances, the officers were justified in searching Defendant's left and right pockets.  Further, the officers' testimony at the suppression hearing placed Defendant's "no, because you're going to do it anyway" response to the Officer Underwood's question of whether the officers could search his pockets in sufficient context for the Court to find that Defendant, in fact, consented to the search.  Thus, there was consent and justification based upon the officers' safety to conduct the search.

**SO ORDERED**, this __15th__ day of May, 2009.

              ___/s/W. Louis Sands_____
              **THE HONORABLE W. LOUIS SANDS,**
               **UNITED STATES DISTRICT COURT**